[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his sole assignment of error, defendant-appellant Melvin Gipson claims that he did not knowingly and voluntarily enter a guilty plea to attempted rape because the trial court failed to comply with Crim.R. 11. Gipson's contention that the trial court misstated the potential maximum prison term is unfounded. The record demonstrates that the trial court correctly informed Gipson at the outset of its colloquy that the maximum prison term for the offense was eight years, and that Gipson indicated his understanding of the potential term. Furthermore, the plea form signed by Gipson specified that the maximum possible prison term for the offense was eight years. Gipson's assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 ______________________________________________ Presiding Judge